# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

TERESA HANSEN, on behalf of herself and others similarly situated,

    Plaintiff,

v.

FIRST BANCORP OF DURANGO, INC. dba THE FIRST NATIONAL BANK OF DURANGO, and

WAYNE CARSBURG,

    Defendants.

---

## COMPLAINT AND JURY DEMAND

---

### I. INTRODUCTION

Comes now the Plaintiff, Teresa Hansen ("Plaintiff"), on behalf of herself and all others similarly situated, hereinafter described, by and through her undersigned counsel, Albrechta & Albrechta, LLC, Tod J. Thompson, Attorney at Law, and Albrechta & Coble, Ltd., and she brings this action against Defendant First Bancorp of Durango, Inc. ("FNBD") and Defendant Wayne Carsburg for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Colorado Wage Claim Act, C.R.S. § 8-1-101, *et seq.* ("CWCA"), and she hereby states:

1. This is a collective action and class action instituted by Plaintiff as a result of Defendant's practice and policy of not paying its employees, including Plaintiff, for all hours worked, in violation of federal and state wage and hour laws.

2. To pursue claims under the FLSA, aggrieved persons are not permitted to institute "Rule 23" class actions, but rather are required to institute a "collective action" pursuant to §216 of the FLSA. Collective actions require individuals to "opt in" to the litigation.

3. To pursue claims under the CWCA, aggrieved persons are permitted to institute Rule 23 class actions.

4. This is a collective action under the FLSA for: (a) back overtime pay; (b) liquidated damages; (c) injunctive and affirmative relief requiring that the Defendant designate "opt-in" Plaintiffs (who are still currently employed by Defendant) as "non-exempt" for purposes of federal wage and hour laws; (d) punitive damages and compensatory damages; (e) attorney fees; and (f) such other relief as may be appropriate.

5. This is a class action under the CWCA, for: (a) back overtime pay; (b) penalties; (c) injunctive and affirmative relief requiring that the Defendant designate class members (who are still currently employed by Defendant) as "non-exempt" for purposes of state wage and hour laws; (d) attorney fees and costs; and (e) such other relief as may be appropriate.

## II. NATURE OF CLASS ACTION

6. Plaintiff brings this action on her own behalf, and on behalf of all other persons similarly-situated who have been, are being, or will be adversely affected by the Defendant's unlawful conduct pursuant to 29 U.S.C. §216(b) for Count I and Rule 23, F. R. Civ. P. as to Count II.

7. The "class" which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All persons, male and female, formerly and/or presently employed by Defendant at any time within the past three years, who:

2

a. are and/or were paid commission by Defendant; and

b. worked at any of Defendant's banks located in Colorado.

8. Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, avers that it exceeds 20 persons. Written consents will be filed as additional opt-in plaintiffs elect to join the class under the FLSA.

9. As set forth herein, this collective action and class action meets the requirements for being maintained and prosecuted as a class action in that Plaintiff and opt-in plaintiffs are all similarly-situated.

10. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. The interests of the representative and the interests of all class members are aligned. Plaintiff is attempting to benefit all class members. Plaintiff shares the same interest as each class member – full and fair compensation for damages resulting from Defendant's misconduct. The fact that Plaintiff's claims are typical of the claims of the class ensures that Plaintiff will preserve the interest of all class members. Plaintiff does not have any interest that competes with the interests of other class members because by pursuing her own interest, Plaintiff advances the interests of the entire class. There are no potential conflicts of interest between the proposed class representative and the members of the class. The claims of all parties arise from a similar fact pattern and are based upon identical theories of law.

11. The allegations by Plaintiff contain common questions of law and fact. Plaintiff satisfies the requirement of Rule 23(a)(2) that the litigation involve "questions of law or fact common to

the class." In the present case, the common issues of law and fact are abundant. Specifically, there are common questions of fact regarding Defendant's conduct and representations, such as:

a. Has Defendant wrongfully compensated its commissioned employees as if exempted from state and federal law requiring overtime compensation?

b. Has the class been injured by Defendant's refusal to fully compensate its commissioned employees for hours worked overtime?

c. Was Defendant's conduct willful and/or undertaken with such disregard and recklessness as to allow the class to recover liquidated and/or punitive damages?

12. Plaintiff's claims focus entirely on Defendant's wrongful conduct and thus are typical of the claims of the class. Plaintiff asserts claims involving specific actions taken by Defendant affecting the entire class. Consequently, Plaintiff meets the typicality requirement because her claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theories.

### III. JURISDICTION AND VENUE

13. This is a "collective" action authorized by and instituted under the FLSA.

14. Count I of the Complaint is based on federal law. As to Count I, this Court has jurisdiction pursuant to 28 U.S.C. §1331.

15. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to §16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*.

16. This Court holds supplemental jurisdiction over Count II, pursuant to 28 U.S.C. §1367, on the grounds that it is so related to Count I, over which the Court has original jurisdiction, that it forms part of the same case or controversy.

17. Plaintiff was employed in this District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this District. Thus, venue properly lies within the United States District Court for the District of Colorado, pursuant to 28 U.S.C. §1391(c).

### IV.     PARTIES

18. Defendant First Bancorp of Durango, Inc. dba First National Bank of Durango (hereafter "FNBD") is a banking institution that falls under the national bank charter class with the FDIC and is regulated by the Office of the Comptroller of Currency. Its headquarters and principal place of business is located at 1629 W. Colonial Parkway, Inverness, Illinois 60067. FNDB operates a Mortgage Lending Office through its mortgage division at its principal place of business in Colorado located at 915 Main Avenue, Durango, Colorado 81301.

19. Defendant FNBD is, and at all times material to this action was, an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. Defendant FNBD is, and at all times material to this action was, an enterprise engaged in interstate commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), by, among other things, selling mortgage loans and other financial products in its mortgage division.

21. Defendant FNBD is, and at all times material to this action was, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

22. Defendant FNBD does, and at all times material to this action did, receive from gross annual sales or business done at least $500,000.00 per year.

23. Defendant FNBD is, and at all times material to this action was, a covered employer under 7 C.C.R. 1103-1.

24. Defendant FNBD does, and at all times material to this action did, receive less than 75% of its annual dollar volume from retail or service sales.

25. Defendant Wayne Carsburg (hereafter "Carsburg") is, and at all times material to this action was, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Carsburg is FNBD's Executive Vice President and Chief Loan Officer, and he served as Plaintiff's supervisor at all relevant times.

26. Plaintiff Teresa Hansen is an adult resident of the state of Washington who currently resides in Bothell, Washington. Plaintiff worked for Defendant FNDB and under Defendant Carsburg's supervision as a Mortgage Loan Officer at Defendant FNBD's office at 259 West 9th Street, in Durango, Colorado. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from on or about May 20, 2013 through July 29, 2016.

## V. STATEMENT OF FACTS

27. Plaintiff worked as Mortgage Loan Officer for Defendant FNBD.

28. Defendant Carsburg was Plaintiff's direct supervisor.

29. Defendant FNBD is a financial institution that, among other things, sells financial products to customers including mortgage loan products.

30. As a Mortgage Loan Officer, Plaintiff had the primary duty of selling mortgage loan products for Defendant FNBD.

31. Plaintiff performed this duty at Defendant FNBD's place of business in Durango, Colorado.

32. Upon Plaintiff's hiring in May 2013, Defendant FNBD paid Plaintiff in accordance with the parties' Mortgage Loan Officer Commission Agreement. The Commission Agreement explicitly states that Plaintiff was non-exempt under the FLSA and that she was entitled to overtime pay with approval of the Mortgage Manager or Bank President only. From May 2013, Plaintiff was compensated hourly plus commissions on a graduated basis that stabilized in approximately November 2013. From approximately November 2013 through July or September 2014, Plaintiff earned an hourly rate of $18.47 ($38,500.00 annually) as a forgivable draw against commissions of .5% on production in excess of $600,000.00.

33. Under the May 2013 Commission Agreement, Plaintiff clocked in and out. However, Plaintiff typically did not record all of her overtime hours because Defendants strongly discouraged employees from working overtime. Plaintiff habitually set an alarm on her phone to remind herself to clock out at 5:00 p.m. because she routinely worked into the evening.

34. On December 30, 2013, Defendant Carsburg emailed Plaintiff informing her that she was responsible to monitor her work hours, not exceed 40 hours per week, and that all overtime required written prior approval.

35. Between May 2013 and July or September 2014, Plaintiff was paid some overtime premium compensation. Defendant FNBD determined Plaintiff's overtime rate of pay based only on her hourly rate and did not include her commissions, in violation of the FLSA.

36. On or about September 29, 2014, Plaintiff and Defendant Carsburg met to review Plaintiff's new Mortgage Loan Officer Commission Agreement, which had an effective date of

July 1, 2014. Under this new Commission Agreement, Plaintiff's pay was based only on earned commissions of .65% on all production. The new Commission Agreement included no information as to whether the position was exempt or non-exempt, and it included no language about overtime.

37. At the meeting on or about September 29, 2014, Defendant Carsburg told Plaintiff she was no longer required to clock in and clock out.

38. From July or September 2014 through Plaintiff's termination on July 29, 2016, Defendants treated Plaintiff as exempt from overtime premium compensation under the FLSA. Plaintiff believed she was exempt from overtime premium compensation because of the way Defendants treated her employment. As such, Plaintiff did not record her actual hours worked.

39. Defendant FNBD paid Plaintiff no overtime premium compensation from July or September 2014 through her termination on July 29, 2016.

40. Plaintiff routinely worked in excess of 40 hours per workweek during her entire employment with Defendant FNBD without receiving overtime compensation as required under the FSLA. On average, Plaintiff estimates that she worked an average of 52 hours each workweek without receiving any overtime premium as required under the FLSA. This occurred on a routine weekly basis throughout Plaintiff's employment with Defendant FNBD.

41. As Defendant FNDB is a bank with typical bank hours, Defendants required Plaintiff to be present at the place of business from 8:00 am until 5:00 pm. In addition to working during regular bank hours, Plaintiff performed her mandatory quarterly continuing education classes on evenings and weekends. Plaintiff was required to represent FNBD at events and expos in Durango and the

surrounding areas that took place in the evenings, in the early mornings, or on the weekends. Plaintiff also was required to represent FNBD at local organizations' monthly meetings and events.

42. Defendants were aware, or should have been aware, that Plaintiff performed work that required payment of overtime premium compensation and that its nondiscretionary commission income must be included when calculating overtime rate of pay.

43. Defendants' conduct was willful and in bad faith.

44. Moreover, it is common knowledge within the financial industry that courts and the United States Department of Labor have found loan officers to be non-exempt and entitled to overtime compensation, and that commission income should be included in calculating loan officers' overtime rate of pay.

45. Defendants routinely suffered and permitted Plaintiff to work more than 40 hours per week and did not correctly pay her overtime compensation that she was due.

46. Upon information and belief, Defendant FNBD did not keep accurate records of these hours worked by Plaintiff as required by law.

47. Defendant operated under a scheme to deprive Plaintiff, as a mortgage loan officer, of overtime compensation by treating her as exempt in practice; failing to compensate accurately at the correct overtime rate of pay; and by failing to make, keep, and preserve records of Plaintiff's hours worked.

48. Plaintiff was deprived of overtime pay that she is guaranteed by law.

49. Pursuant to C.R.S. § 8-4-109, Plaintiff sent a written demand payment of wages and compensation on May 19, 2017.

50. Defendants did not tender to Plaintiff any amounts within 14 days after she sent her wage demand.

51. Defendants' failure to pay Plaintiff the wages and compensation owed to her continues up to the time of filing this Complaint.

## VI. CAUSES OF ACTION

### COUNT I
**(Overtime Violations Under the Fair Labor Standards Act [FLSA], 29 U.S.C. § 201, *et seq*. – Both Defendants)**

52. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

53. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek. 29 U.S.C § 207.

54. Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

55. Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by designating Plaintiff, whose duties indicate she should not be exempt from federal overtime requirements, as exempt, and regularly and repeatedly failing to calculate and compensate Plaintiff at the required overtime rate.

56. The above-described willful and systematic violation of the FLSA complained of by Plaintiff has similarly affected all other members of the collective action so that the claims of such members are common and typical to each other.

57. Defendants knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

58. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and other damages. Plaintiff is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

59. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine her wages, hours, and other conditions and practice of employment, in violation of the FLSA.

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

### COUNT II
### (Colorado Wage Claim Act [CWCA], C.R.S. § 8-4-101, *et seq*. – Defendant FNBD)

61. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

62. Pursuant to C.R.S. § 8-4-109, Plaintiff is entitled to recover all unpaid wages and compensation, plus a penalty of 125% of the first $7,500.00 of the unpaid amount and 50% of any additional amount as a result of Defendant FNBD's failure to pay Plaintiff's earned and unpaid wages and compensation following the written demand.

63. Plaintiff is also entitled to an additional 50% penalty pursuant to C.R.S. § 8-4-109 because of Defendant FNBD's failure to pay her wages and compensation was willful.

64. Plaintiff is entitled to recover her reasonable attorneys' fees and costs incurred pursuant to C.R.S. § 8-4-110.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all those similarly situated collectively request that this Court grant Plaintiff and the class she represents a permanent injunction enjoining Defendant, its agents, its successors, employees and other representatives from engaging in or continuing to engage in any employment acts, policies, practices, or procedures which violate the FLSA, and/or CWCA, and instructing Defendant to designate Plaintiff and all others similarly situated as "non-exempt," and award against the Defendant and in favor of the Plaintiff and the class they represent actual damages for back overtime pay, liquidated damages, penalties, punitive damages and compensatory damages, plus attorneys' fees and all such other relief as may be appropriate;

WHEREFORE, Plaintiff demands, on her behalf and on behalf of the putative collective and class members, judgment in her favor and against Defendant FNBD and Defendant Carsburg as follows:

A. Against both Defendants, jointly and severally, for actual damages for overtime compensation under the FLSA;

B. Against both Defendants, jointly and severally, for liquidated damages under the FLSA in an amount equal to actual damages;

C. Against Defendant FNBD for wages and compensation owed;

D. Against Defendant FNBD for all penalties available under the CWCA.

E. Against both Defendants, jointly and severally, for attorneys' fees under the FLSA and the CWCA;

F. Costs; and

G. Such other relief as the Court deems just and equitable.

## VIII. JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

Dated this 2nd day of March 2018.

>By: s/ Eleni K. Albrechta
>*Eleni K. Albrechta, esq.*
>*David T. Albrechta, esq.*
>ALBRECHTA & ALBRECHTA, LLC
>530 Main Avenue, Suite D03
>Durango, CO 81301
>Telephone: (970) 422-3288
>E-mail: david@albrechtalaw.com
>      eleni@albrechtalaw.com
>
>*Tod J. Thompson, Attorney at Law*
>810 Sycamore Street
>Cincinnati, OH 45202
>Telephone: (513) 322-4348
>E-mail: tod@thompsonlaw.com
>
>*Joseph F. Albrechta, esq.*
>*John A. Coble, esq.*
>ALBRECHTA & COBLE, LTD.
>2228 Hayes Avenue, Suite A
>Fremont, OH 43420
>Telephone: (419) 332-9999
>E-mail: jalbrechta@lawyer-ac.com
>      jcoble@lawyer-ac.com
>
>*Attorneys for Plaintiff Teresa Hansen*