# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 18-cv-526-DDD-GPG

TERESA HANSEN, on behalf of herself and others similarly situated,

     Plaintiff,

v.

FIRST BANCORP OF DURANGO, INC. DBA THE FIRST NATIONAL BANK OF
DURANGO, AND
WAYNE CARSBURG,

     Defendants.

---

## RECOMMENDATION REGARDING THE JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT

---

This matter comes before the Court on the Parties joint motion for court approval of settlement and dismissal of claims with prejudice. (D. 86).[1] The motion was referred to this Magistrate Judge. (D. 90).[2] The parties request that the Court approve their settlement agreement, which resolves all of Plaintiff's claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The settlement agreement states that Plaintiff will dismiss the case with

---

[1] "(D. 86)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

prejudice pending the execution of the settlement agreement.  (D. 86, p. 9).  For the following reasons, I respectfully recommend that the settlement agreement be approved.

Factual Basis:

Plaintiff Hansen worked as a mortgage loan officer for Defendant First Bankcorp of Durango, Inc. (FNBD) from 2013-2016.  (D. 1, pp. 6-8).  Plaintiff claims that she was not paid overtime premium compensation from July or September 2014 until her termination in 2016 despite working approximately 52 hours per week.  *Id.* p. 8.  Plaintiff demanded payment of the unpaid wages and compensation in May 2017 but did not receive those amounts and the non-payment continued until at least the time of filling of suit in this action.  *Id*. pp. 9-10.

Law:

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to "protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Lynn's Food Stores*, 679 F.2d at 1354.

I. BONA FIDE DISPUTE

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. *Dees v.Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010). To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 718 (E.D. La. 2008). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id*. at 719-20.

Plaintiff claims that FNBD failed to pay her overtime.  Defendant FNBD claims that Plaintiff was properly classified as an exempt employee and that there was not sufficient factual proof to show that Plaintiff worked in excess of 40 hours for each of the weeks claimed.  (D. 86, p. 4).  The Court finds that, taking into account all the pleadings in this action, sufficient facts have been set forth to determine that a bona fide dispute exists.


II. FAIR AND REASONABLE

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales. Courts considering both individual and collective settlements under the FLSA turn to the factors for evaluating the fairness of a class action settlement. *See, e.g.*, *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (evaluating individual action); *Collins*, 568 F. Supp. 2d at 721 (evaluating collective action).

The Tenth Circuit considers the following factors when deciding whether to approve a class action settlement under Fed. R. Civ. P. 23(e): (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

Under the terms of the settlement agreement, Defendant agrees to pay Plaintiff $147,307.00 (D. 86, p. 7 lists the attorney fee amount of 42.5% as $62,605.00 which calculates to a total fee award of $147,307.00). Of this, Plaintiff will receive approximately $84,702.00 and Plaintiff's Counsel will receive $62,605.00.

Plaintiff will receive a substantial settlement, but less than the full amount Plaintiff could recover if the Court were to find that Plaintiff was entitled to liquidated damages. Although Defendant disputes the factual basis of Plaintiff's claims, the complexity of issues, expense of litigation, and the likely duration of the litigation make the settlement a fair one. Moreover, Plaintiff and Defendant are represented by experienced counsel who each believe that the settlement is fair and reasonable. (D. 86, p. 4). Based on the foregoing, the Court finds that the evidence suggests that the parties fairly and honestly negotiated the settlement.

Next, the Court must determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power. To determine whether a settlement agreement complies with the FLSA, courts look at the following factors: (1) presence of other similarly situated employees; (2) a likelihood that plaintiffs' circumstances will recur; and (3) whether defendants had a history of non-

compliance with the FLSA. *Dees*, 706 F. Supp. 2d at 1244. While this matter was initially filed as a potential class action (D. 1), the Parties assert that, after discovery, Plaintiff appears to have been the only employee paid in this manner and Defendant has no history of non-compliance with he FLSA. (D. 86, p. 5). There is no evidence that Defendant's alleged failure to comply with the FLSA represents a continuing violation or is part of widespread conduct. Moreover, Plaintiff is no longer employed by defendant. (D. 1). Because the settlement agreement contains no confidentiality provision, the terms of the settlement are public; thus, this case would give notice to future plaintiffs of prior allegations of Defendant's improper conduct. *Dees*, 706 F. Supp. 2d at 1244-45 (noting the importance of public access to settlement agreements in FLSA cases).

## III. ATTORNEYS' FEES

The parties represent that the attorney fee provision of the settlement is reasonable (D. 7, p. 6). However, the Court must independently examine whether the award of attorney fees and costs is reasonable. *See Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (unpublished) (holding that contingency contract between counsel and plaintiff did not abrogate court's duty to review the reasonableness of legal fees in an FLSA settlement). To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount," which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 587-88 (Colo. App. 2000). The lodestar amount may be adjusted based upon several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of success achieved. *See Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147

(Colo. App. 1996). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

Plaintiff's Counsel submitted their billing records and affidavits. (D. 86, D. 87). The Court would note that, on its face, Counsels' discounted rates, the highest being $262.50, are all within the bounds of reasonableness.   A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy its burden, plaintiff must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). *Olivares v. UFP Lafayette, LLC*, No. 12-cv-01082-CMA-KLM, 2013 WL 2477124, at *1 (D. Colo. June 10, 2013) (approving $280 hourly rate for lead counsel and $200 hourly rate for associate attorney in FLSA case); *Horne v. Scott's Concrete Contractor, LLC*, No. 12-cv-01445-WYD-KLM, 2013 WL 3713905, at *10 (D. Colo. April 24, 2013) (finding $250 and $200 reasonable hourly rates for attorneys in FLSA case).

Based on a written fee agreement (D. 86-3), Counsel further discounted their fees by approximately 1/3 and instead went with a 42.5% recovery set forth in the fee agreement. Based on my review of the invoice, the Court finds that sufficient specificity exists in the billing to approve the entirety of that amount as the lodestar amount.

The next issue the Court must examine is whether the requested 42.5% should be Ordered for attorney fees. Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). The Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"; *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute). Based on the contingency fee agreement with Plaintiff and based on the undersigned's twenty-four years of combined private and judicial experience and careful consideration of Counsels' affidavits and the issues underlying this matter, the Court finds that attorney fees and costs are reasonable here.

Thus, after reviewing the Motion and proposed Settlement Agreement, the Court finds that the litigation involves a bona fide dispute, that the proposed Settlement Agreement is fair and equitable to all parties concerned, and that the proposed settlement awards reasonable attorney fees and costs. The Court therefore respectfully **recommends** that the parties' Settlement Agreement be approved.

Dated at Grand Junction, Colorado, this September 14, 2021.

_____
Gordon P. Gallagher
United States Magistrate Judge